**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| In re Appeal of Kolitch 2-Lot Subdivision | ) ) ) ) | Docket Nos. 257-11-06 Vtec, 84-4-07 Vtec, & 93-5-08Vtec |

### JUDGMENT ORDER

The above referenced appeals, consolidated for trial, all concern the proposed subdivision and development of property owned by Applicant Lauren S. Kolitch and located off Tucker Hill Road and a private roadway known as Mikhal Drive in the Town of Fayston. Docket Number 257-11-06 Vtec concerns an appeal by Applicant Kolitch of a denial by the Town of Fayston Planning Commission of her first subdivision application (Zoning Application #2737); Docket Number 84-4-07 Vtec concerns the appeal by neighbors Todd Drummy, Terri Drummy, Ethan Hume, and Virginia Hume ("Neighbors") of the conditional use approval by the Town of Fayston Zoning Board of Adjustment of a Class 3 wetland buffer reduction for the construction of a duplex residential structure on Ms. Kolitch's proposed Lot 2 (Zoning Application #2856); and Docket Number 93-5-08 Vtec concerns an appeal by Applicant Kolitch of the denial by the Town of Fayston Development Review Board of her revised subdivision application (Zoning Application #2933) and revised conditional use application (Zoning Application #2934).

Following trial on these consolidated appeals, the Court, having issued Findings of Fact and Conclusions of Law on the record of the November 6, 2008 bench trial and thereafter receiving the Stipulation entered into by Applicant Kolitch and neighbors Ethan Hume and Virginia Hume, hereby **ORDERS AND DECREES** that Applicant Lauren S. Kolitch is granted approval for a two-lot minor subdivision and conditional use approval of the wetlands encroachment for the purpose of constructing a two-family residential duplex structure on the proposed Lot 2. Pursuant to the Findings of Fact entered on the record (located on tape 2, log #3684–4821), we conclude that:

a. The revised subdivision constitutes a minor subdivision pursuant to § 7.1(B)(1) of the Land Use Regulations for the Town of Fayston, Vermont ("Regulations").

b. The pre-existing lot is irregular in shape, but the newly created lot (Lot 2) is of a generally regular shape. The proposed minor subdivision does not create a new or exacerbated irregular lot and does not violate Regulations § 6.2(C)(3).

1

c. Because the pre-existing roadway (Mikhal Drive) will now serve three or more lots, it must conform to Regulations § 6.4 regarding road design. However, the credible evidence at trial showed such conformance, both as to the pre-existing roadway and the minor revisions to the roadway that will occur in connection with this proposed subdivision and development;

d. The agreed upon siting of the two-family duplex, pursuant to the Stipulation between Applicant Kolitch and Mr. and Mrs. Hume, will encroach into the nearby Class 3 wetlands and its fifty-foot buffer, referred to at trial as the "forest wetlands," but such encroachment is entitled to a waiver pursuant to Regulations § 3.13(G), because of the minimal importance of this wetland and the credible evidence that the proposed development will not cause an undue adverse impact upon the surrounding environment or the ecology of the area; because there will be no danger to the public health, safety, or welfare caused by the minimal encroachment into this wetland and its buffer; and because the adjoining neighbors will benefit from the additional distance and screening employed by the duplex siting proposed by the parties' in their Stipulation.

The proposed revised minor subdivision and conditional use is therefore hereby **APPROVED** and **GRANTED**, subject to the following conditions:

1. Subdivision of the original 12.4± acre parcel (Town Parcel #07.023.001) shall be in conformity with the site plan reflected on Stipulation Exhibit 9, entitled "McCain Consulting Site Plan 3 of 3 (September 14, 2007)" with yellow highlighting, a copy of which is attached hereto and incorporated herein.

2. The construction of the duplex and development in the wetlands and wetlands buffer must be done in the location and footprint set forth in Stipulation Exhibit 9.

3. If any blasting of rock becomes necessary for Applicant's proposed development, Applicant shall provide prior written notice to the Town of Fayston and all adjoining property owners, no less than ten (10) days prior to blasting, with information including the date(s) of blasting and the frequency of blasting.

4. Applicant's construction of the exterior of any structure on Lot 2 shall be limited to weekday hours between 7:00 a.m. and 5:00 p.m. and weekend hours between 8:00 a.m. and 4:00 p.m. There shall be no work hour limitation for interior construction.

5. Upon the request of adjoining property owners Ethan and Virginia Hume, Applicant shall, at her cost, plant mutually agreed upon trees and shrubs in the area indicated with yellow highlighting on Stipulation Exhibit 9. Applicant shall not be obligated to plant more than five of the trees or shrubs suggested by Mr. and Mrs. Hume.

This Judgment Order shall be binding upon the parties, their heirs, successors, and assigns, and their officers, agents, servants, employees, and attorneys; shall be included in the Town planning or land use records for the subject property; shall be filed in the Land Records of the Town of

2

Fayston; and shall run with the land.

Dated at Berlin, Vermont, this 21st day of May 2009.

_____
Thomas S. Durkin, Environmental Judge